**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MARYAM GHOLIZADEH TOCHAEI,**

                    **Plaintiff,**

  vs.                                          **1:17-cv-00654**
                                                    **(MAD/CFH)**
**JOHN F. KELLY,** *Secretary U.S.*
*Department of Homeland Security*,

                    **Defendant.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**LAW OFFICES OF GRINBERG**         **ALEXANDER J. SEGAL, ESQ.**
**& SEGAL, PLLC**
11 Hanover Square, 10th Floor
New York, New York 10005
Attorneys for Plaintiff

**OFFICE OF UNITED STATES ATTORNEY**   **THOMAS SPINA, JR., AUSA**
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, New York 12207
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On June 15, 2017 Maryam Gholizadeh Tochaei ("Plaintiff") commenced this action pursuant to 8 U.S.C. § 1447(b) to adjudicate whether she should be scheduled for an oath ceremony and receive her United States citizenship. Dkt. No. 1. On October 24, 2017, Defendant John F. Kelly ("Defendant") motioned to remand the proceedings to the United States Citizenship and Immigration Services ("USCIS") pursuant to 8 U.S.C. § 1447(b). Dkt. No. 13. Plaintiff filed

a response in opposition to Defendant's motion on December 4, 2017. Dkt. No. 16. Currently before the Court is Defendant's motion to remand.

## II. BACKGROUND

Plaintiff entered the United States as a visitor on January 13, 2000 upon approval of her father's Immigrant Petition for Relative ("Form I-130") on August 4, 1995. Dkt. No. 16 at 4. Plaintiff was authorized to remain in the United States for a period of six months, but unlawfully remained past the six-months period. *Id*. Plaintiff filed an Application to Register Permanent Residence or Adjust Status ("Form I-485") on May 23, 2003. *Id*. Plaintiff was interviewed on or about June 25, 2005, and her form was approved on February 26, 2008. *Id*. Plaintiff's use of Form I-485 was improper as Plaintiff did not maintain "lawful status" since her entry into the United States. Dkt. No. 13-1 at 3.

On March 12, 2013, Plaintiff filed an Application for Naturalization ("Form N-400"). *Id*. at 4. On April 3, 2013, Plaintiff appeared at the USCIS Albany Field Office ("Field Office") for biometrics and fingerprints. *Id.* Plaintiff's fingerprints were unreadable and rejected as unclassifiable. *Id*. On April 22, 2013, a second set of fingerprints were obtained and also determined unclassifiable. *Id*. Defendant asserts that upon rejection of a second set of fingerprints, an applicant must provide clearance letters from law enforcement agencies in every place he or she has lived in the previous five years, and a sworn statement must be obtained from the applicant addressing any criminal history. *Id*. Plaintiff has no police clearance letters in her file. *Id*.

On May 30, 2013, Plaintiff again appeared at the Field Office where she completed her interview and passed her English and Civics examinations. *Id*. During the interview, however, the USCIS learned Plaintiff was not lawfully admitted for permanent residence as required by law

2

because her status pursuant to 8 U.S.C. § 1255(a) based on Plaintiff's application filed with Form-400 required for her to have maintained lawful residency since entering the United States. *Id.* Plaintiff's application may have been proper pursuant to 8 U.S.C. § 1255(i), which is available to those illegally residing in the United States. *Id.* at 4 n.3. An application under § 1255(i) additionally requires a Supplemental A form and payment of a $1,000 penalty. *See id.* Plaintiff offered to pay the $1,000 upon notice of the penalty but the Immigrant Service Officer denied the payment and explained he would need to seek guidance from his supervisor. Dkt. No. 16 at 6. Since then, the USCIS has been examining whether Plaintiff's use of the incorrect form requires the USCIS to reject her application for naturalization. Dkt. No. 13-1 at 5. No determination has been made on Plaintiff's application and the 120-day period for USCIS to make a determination expired on September 27, 2013. *Id.*

After multiple inquiries into the status of Plaintiff's application, and attending various Infopass appointments at the Field Office over the course of the 1,447 days which Plaintiff's application was pending, Plaintiff filed her request for a hearing before this Court on October 24, 2017. *See id.* at 5-7. Defendant subsequently motioned to remand the proceedings to the USCIS, alleging that remand would allow the USCIS to issue a determination on Plaintiff's application within twenty-one days. Dkt. No. 13-1 at 6.

### III. DISCUSSION

This Court has jurisdiction to hold a hearing on a denial of applications for naturalization "[i]f there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section." 8 U.S.C. § 1447(b). "Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the

matter." *Id*. Even where the court remands a proceeding to the Service, "[a] person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5." 8 U.S.C. § 1421(c). "Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." *Id*.

Remand is discretionary but generally appropriate in the immigration context. *See I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002). While "the district court is not required to instruct USCIS how to decide the matter" on remand, "district courts are required to exercise their jurisdiction when presented with a properly filed Section 1447(b) petition." *Bustamante v. Napolitano*, 582 F.3d 403, 408 (2d Cir. 2009) (citation omitted).

Plaintiff's request for a hearing regarding her naturalization should be remanded in the interest of expediting a decision on Plaintiff's application as Defendant assures the Court a decision will be made within twenty-one days of remand. Plaintiff's application error based on her unlawful residency in the United States is an issue best determined by the USCIS who retains the expertise required to make a fair determination on the matter. Based on Defendant's assertions to this Court that a decision will be made within twenty-one days, the Court finds it appropriate to order that the petition be remanded and Defendant issue a decision within twenty-one days of remand. *Bustamante*, 582 F.3d at 408. The Court therefore remands the proceedings to USCIS and orders that a decision be made within 21 days of this decision.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion for remand (Dkt. No. 13) is **GRANTED**; and the Court further

**ORDERS** that Defendant shall issue a decision on Plaintiff's application for naturalization within twenty-one (21) days of this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 12, 2018
       Albany, New York

Mae A. D'Agostino
U.S. District Judge